UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DERICK HERNANDEZ,

                            Plaintiff,

v.

MICHAEL SPOSATO ET AL.,

                            Defendants.

**MEMORANDUM AND ORDER**
15-CV-01499 (LDH) (ARL)

---

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Derick Hernandez, proceeding pro se, brings the instant action against Defendants Sheriff Michael Sposato, Lieutenant Anthony Fratto, Sergeant Darren McMillan, and Corrections Officer Callahan pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights. Defendants move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment to dismiss the complaint in its entirety.

## UNDISPUTED FACTS[1]

      Plaintiff is an inmate at Nassau County Correctional Center ("NCCC"). (*See* Defs.' Reply Stmt. of Material Facts Pursuant to Local Civ. R. 56.1 ("Defs.' Reply 56.1") ¶ 1, ECF No. 99.) On January 13, 2015, Plaintiff was accused of assaulting another inmate with a razor blade. (Defs.' Stmt. of Material Facts Pursuant to Local Civ. R. 56.1 ("Defs.' 56.1") ¶ 17, ECF No. 95.) According to Plaintiff, following the assault, he was handcuffed behind his back for three hours and transferred to a Behavior Modification Unit ("BMU"). (Defs.' Reply 56.1 ¶¶ 11, 12, 18.) There, according to Plaintiff, he was made to strip and squat for one hour. (*Id.* ¶ 11.) Defendants deny that Plaintiff was handcuffed for a three-hour period. (*Id.*) Defendants also

---

[1] Unless otherwise noted, the following facts are taken from the parties' statements of material facts pursuant to Local Rule 56.1 and are undisputed. Facts that are not contradicted by citations to admissible evidence are deemed admitted. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

1

deny that Plaintiff was required to strip and squat for a one-hour period. (*Id*.) Plaintiff was subsequently transported to Armor Correctional Health Services' medical unit ("Armor Health") where he complained of shoulder pain resulting from having been handcuffed. (Defs.' 56.1 ¶ 20; June 12, 2020 Decl. Pablo Fernandez ("Fernandez Decl."), Ex. L, ECF No. 102.) After Plaintiff was examined, he was returned to a BMU where he maintains that he was subjected to a second strip search. (Fernandez Decl., Ex. L; *see* Defs.' Reply 56.1 ¶ 12.) Plaintiff further claims that the second strip search was conducted in full view of a security camera. (Defs.' Reply 56.1 ¶ 12.) Defendants deny that the second search occurred. (*Id*.)

Plaintiff was subsequently issued a disciplinary report dated January 14, 2015, for violation of NCCC Rule 4 banning assault and NCCC Rule 88 banning possession of a weapon. (Defs.' 56.1 ¶ 17; Fernandez Decl., Ex. J, ECF No. 96-10.) The disciplinary report included the following language: "You are hereby notified that your Disciplinary Hearing will be scheduled no earlier than 24 hours after the receipt of this report. Please have any defense prepared for the hearing no later than 24 hours from receipt of this notification." (Fernandez Decl. Ex. J.) Plaintiff received a disciplinary hearing on February 4, 2015. (Defs.' 56.1 ¶ 19.) Ultimately, an NCCC Hearing Officer determined that there was insufficient evidence to conclude that Plaintiff committed an infraction. (*Id*.; Fernandez Decl., Ex. K, ECF No. 96-11.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The movants bear the initial burden of demonstrating the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movants meet their initial burden, the non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts, *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted), including when facing a summary judgment motion, *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003). Nevertheless, the "application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Id*. at 50 (internal quotation marks omitted).

## DISCUSSION

### I.     Failure to Exhaust Under the PLRA

Defendants argue that Plaintiff's claims of alleged violations of the Eighth Amendment should be dismissed for failure to exhaust the administrative remedies available to him in NCCC's Inmate Handbook, as required under the Prison Litigation Reform Act (the "PLRA"). (*See* Defs.' Mem. L. Supp. Mot. Summ. J. (Defs.' Mem.) 4–5, ECF No. 97.) The Court agrees.

3

The PLRA provides in relevant part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong,'" including unlawful strip searches. *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 519 (2002)); *Miller v. Bailey*, No. 05-CV-5493 (CBA)(LB), 2008 WL 1787692, at *6–7 (E.D.N.Y. Apr. 17, 2008) (dismissing strip search claim for failure to exhaust). Of particular relevance here, exhaustion may be excused only if: (1) administrative remedies were not actually available to the prisoner; (2) defendants' own actions inhibited exhaustion; or (3) "special circumstances" justify non-exhaustion. *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011).

In this case, Plaintiff concedes that he did not initiate the grievance procedure set forth in NCCC's Inmate Handbook with respect to any of his claims. (*See* Compl. 2, ECF No. 1; Pl.'s Counterstatement of Material Facts Pursuant to Local Rule 56.1 (Pl.'s Counter 56.1") ¶ 22, ECF No. 98.) Nonetheless, Plaintiff contends that his failure to exhaust should be excused because inmates are "not allowed to grievance administrative actions." (*Id*.) This argument would suffice to excuse Plaintiff's exhaustion of remedies with respect to his Fourteenth Amendment claim, but it does not however, provide any basis to excuse his failure to exhaust with respect to his Eighth amendment claim. That is, while NCCC's Inmate Handbook specifically prohibits grievances "resulting from disciplinary hearings" or "administrative segregation decisions" it does not prohibit grievances resulting from strip searches or excessive force. (*See* Fernandez Decl., Ex. N at 4–5, ECF No. 96-14.) And, Plaintiff makes no further argument to defend his

4

failure to exhaust. Plaintiff's claims under the Eighth Amendment predicated on the allegedly unlawful strip search and use of excessive force are, therefore, dismissed. *See Miller*, 2008 WL 1787692, at *6–7 (granting summary judgment dismissing strip search claim where inmate failed to exhaust administrative remedies and failed to establish special circumstances excusing failure to exhaust).

## II.     Plaintiff's Fourteenth Amendment Due Process Claim

Plaintiff complains that his transfer to a BMU deprived him of liberty without due process. (Pl.'s Opp'n Defs.' Mot. Summ. J. ("Pl.'s Opp'n") 5–6, ECF No. 98.) Defendants argue that Plaintiff's claim fails to implicate a protectable liberty interest. (Defs.' Mem. 2.) The Court agrees.

The Fourteenth Amendment demands that no person shall be "deprive[d] . . . of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[T]o present a [procedural] due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004). Significantly, liberty interests protected by the Fourteenth Amendment are not unlimited and "may arise from two sources—the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). The Supreme Court long ago rejected the notion that the Due Process Clause affords an inmate a liberty interest in being confined to a particular facility or unit within a prison. *Id.* at 466–68. Rather, according to the Supreme Court, "it is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence . . . ." *Id.* at 468. As such, a decision to transfer an inmate to administrative segregation requires that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon

5

him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Id*. Against this backdrop, the Supreme Court held in *Hewitt* that prison officials are "obligated to engage only in an informal, nonadversary review of the information supporting . . . administrative confinement, including whatever statement respondent wished to submit, within a reasonable time *after* confining him to administrative segregation." *Id*. at 472 (emphasis added). Specifically:

> An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official . . . Ordinarily a written statement by the inmate will accomplish this purpose, although prison administrators may find it more useful to permit oral presentations in cases where they believe a written statement would be ineffective. So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.

*Id.* at 476.

This is exactly what occurred here. The day after the alleged assault, Plaintiff received notice that he was charged with violating NCCC Rule 4 banning assault and NCCC Rule 88 banning possession of a weapon. (Defs.' 56.1 ¶ 17; Fernandez Decl., Ex. J.) The disciplinary report dated January 14, 2015, notified Plaintiff that his hearing would be scheduled no earlier than 24 hours after he received the report and that he could prepare a defense. (*See* Fernandez Decl., Ex. J.) Plaintiff received his hearing on February 4, 2015. (Defs.' 56.1 ¶ 19.) Plaintiff does not contend he was unable to present his defense. That, as Plaintiff contends, Defendants failed to conduct a proper investigation into the alleged assault before placing him in a BMU cannot, as a matter of law, constitute a violation of the Due Process Clause. *See Hewitt*, 459 U.S. at 477 (finding no due process violation where inmate received notice of the charges against him the day after his misconduct took place and was afforded the opportunity to present a

6

statement to the hearing committee). Plaintiff's procedural due process claim is therefore dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The complaint is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York  
       March 17, 2021

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge